UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

THE NEW YORK TIMES COMPANY and
CHARLIE SAVAGE,

                       Plaintiffs,

      - against -

UNITED STATES DEPARTMENT OF
JUSTICE,

                       Defendant.

------------------------------------------------------X

**COMPLAINT**

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, by their undersigned attorneys, allege for their Complaint:

    1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to order the production of agency records from Defendant United States Department of Justice ("DOJ") in response to a request properly made by Plaintiffs The New York Times Company and Charlie Savage (collectively "The Times").

## PARTIES

    2.    Plaintiff The New York Times Company publishes The New York Times newspaper. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, New York.

    3.    Plaintiff Charlie Savage is a reporter for The New York Times.

57719
                              1

4. Defendant DOJ is an agency of the federal government that has possession and control of the records that Plaintiffs seek. One of its constituent units is the Federal Bureau of Investigation ("FBI").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7. Plaintiffs have exhausted all administrative remedies available in regards to the requests at issue. DOJ failed to respond to the requests within the time frames set by FOIA, and therefore Plaintiffs are deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

8. In the aftermath of 9/11, the Central Intelligence Agency (the "CIA") engaged in the interrogation of terrorism suspects at various sites outside the United States.

9. Video recordings were made of some of the interrogations.

10. Subsequently, allegations were raised publicly that the CIA had engaged in techniques that constituted torture under international or domestic law.

11. It later came to light that video recordings of the interrogations had been destroyed by CIA employees or other persons working for the U.S. Government.

12. In 2008, Attorney General Michael Mukasey assigned John Durham, an Assistant U.S. Attorney in the District of Connecticut, to investigate the destruction of the

interrogation videotapes. Mr. Durham's investigation is hereafter referred to as the "Durham Investigation."

13. In 2009, Attorney General Eric Holder widened Mr. Durham's mandate, authorizing him also to investigate whether laws were violated in connection with the interrogations of specific detainees.

14. Mr. Durham was assisted in his investigation by FBI agents.

15. The Durham Investigation is now closed. No charges were brought.

16. On April 11, 2014, The Times submitted a FOIA request (the "Report Request") to DOJ seeking "any reports to the attorney general or deputy attorney general describing or presenting findings" from the Durham Investigation.

17. DOJ subsequently informed The Times, by a letter dated April 17, 2014, that the Report Request had been sent to the Office of the Attorney General and the Office of the Deputy Attorney General for expedited processing.

18. DOJ's substantive response to the Report Request, either producing documents or denying the request in accordance with FOIA, was due twenty (20) business days after receipt of the request.

19. DOJ has neither produced documents nor denied the Report Request.

20. The Times also submitted a second FOIA request (the "302 Request") concerning the Durham Investigation. On April 11, 2014, The Times requested from DOJ pursuant to FOIA "all FBI FD-302 reports summarizing interviews conducted as part of the [Durham Investigation]."

21. The 302 Request was also submitted to the FBI, one of DOJ's constituent units.

22. The FBI denied The Times's request for expedited processing of the 302 Request by a letter dated April 23, 2014.

23. Subsequently, following an appeal by The Times, DOJ directed the FBI to provide expedited processing of the 302 Request.

24. A substantive response from DOJ and the FBI to the 302 Request, either producing documents or denying the request in accordance with FOIA, was due twenty (20) business days after receipt of the request.

25. Both DOJ and the FBI have failed to produce documents or deny the 302 Request.

## COUNT I

26. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

27. DOJ is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

28. Under 5 U.S.C. § 552(a)(6)(A), DOJ was required to provide documents or issue a denial within 20 business days of receiving the Report Request.

29. Under 5 U.S.C. § 552(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions" of FOIA.

30. Accordingly, The Times is deemed to have exhausted its administrative remedies as to the Request.

31.     DOJ has asserted no lawful basis under FOIA for withholding documents asked for by the Report Request.

32.     DOJ's failure to provide responsive documents violates FOIA.

33.     Accordingly, The Times is entitled to an order compelling the DOJ to undertake an adequate search of its records and produce the documents sought by the Report Request.

## COUNT II

34.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

35.     DOJ is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

36.     Under 5 U.S.C. § 552(a)(6)(A), DOJ and its constituent unit the FBI were required to provide documents or issue a denial within 20 business days of receiving the 302 Request.

37.     Under 5 U.S.C. § 552(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions" of FOIA.

38.     Accordingly, The Times is deemed to have exhausted its administrative remedies as to the 302 Request.

39.     Neither DOJ nor the FBI has asserted a lawful basis under FOIA for withholding documents asked for by the 302 Request.

40.  The failure of DOJ and the FBI to provide responsive documents violates FOIA.

41.  Accordingly, The Times is entitled to an order compelling DOJ and its constituent entity the FBI to undertake an adequate search of its records and produce the documents sought by the 302 Request.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a.  Declare that the documents sought by the Report Request and 302 Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and 5 U.S.C. § 552(a) and must be disclosed;

b.  Order the DOJ and its constituent unit the FBI to undertake an adequate search for the requested records and provide those records to Plaintiffs within 20 business days of the Court's order;

c.  Award Plaintiffs the costs of this proceeding, including reasonable attorney's fees, as expressly permitted by FOIA; and

d. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 27, 2014

*[signature: D E Mc]*

David E. McCraw, Esq.
D. Victoria Baranetsky, Esq.
Legal Department
The New York Times Company
620 8th Avenue, 18th Floor
New York, NY 10018
phone: (212) 556-4031
fax: (212) 556-1009
e-mail: mccraw@nytimes.com
*Counsel for Plaintiffs*