PREET BHARARA
United States Attorney for the
Southern District of New York
By:   JEANNETTE A. VARGAS
      TARA M. La MORTE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York   10007
Telephone: (212) 637-2678/2746
Facsimile:  (212) 637-2702
E-mail:      jeannette.vargas@usdoj.gov
             tara.lamorte2@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

| | |
|---|---|
| THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, | : |
| | : ECF case |
| Plaintiffs, | : 14 Civ. 3777 (JPO) |
| -against- | : **ANSWER** |
| UNITED STATES DEPARTMENT OF JUSTICE, | : |
| Defendant. | : |

---------------------------------------------------------

Defendant the United States Department of Justice ("DOJ"), by its attorney Preet Bharara, United States Attorney for the Southern District of New York, answer Plaintiffs' Complaint as follows:

    1.    Paragraph 1 of the Complaint constitutes Plaintiffs' characterization of this action, to which no response is required.

2. Lacks knowledge or information sufficient to admit or deny the allegations in paragraph 2 of the Complaint.

3. Lacks knowledge or information sufficient to admit or deny the allegations in paragraph 3 of the Complaint.

4. Denies the allegations in paragraph 4 of the Complaint, except admits that the United States Department of Justice is a federal agency and that the Federal Bureau of Investigation ("FBI") is a component of DOJ.

5. Paragraph 5 constitutes Plaintiffs' legal conclusion as to jurisdiction, to which no response is required.

6. Paragraph 6 constitutes Plaintiffs' legal conclusion as to venue, to which no response is required.

7. Paragraph 7 constitutes a legal conclusion, to which no response is required.  To the extent a response is required, denies the allegations in paragraph 7 of the Complaint, except admits that Plaintiffs are deemed to have exhausted their administrative remedies.

8. Admits the allegations in paragraph 8 of the Complaint.

9. Admits the allegations in paragraph 9 of the Complaint.

10. Lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10 of the Complaint, as the term "allegations" is vague and undefined.

11. Denies the allegations in paragraph 11 of the Complaint, except admits that videotapes of interrogations of detainees by the CIA were destroyed.

12. Denies the allegations in paragraph 12 of the Complaint, except admits and avers that on January 2, 2008, Attorney General Michael B. Mukasey appointed John Durham, the Deputy United States Attorney for the District of Connecticut, as the Acting United States

Attorney for the Eastern District of Virginia in connection with a federal criminal investigation into the destruction of the videotaped interrogations of detainees by the CIA.

13. Denies the allegations in paragraph 13 of the Complaint, except admits that, on August 24, 2009, Attorney General Holder announced that he had expanded Mr. Durham's mandate to include conducting a preliminary review into whether federal laws were violated in connection with the interrogation of specific detainees at overseas locations.

14. Admits the allegations in paragraph 14 of the Complaint.

15. Admits that on November 9, 2010, DOJ announced that John Durham had decided that he would not pursue criminal charges with respect to the destruction of the interrogation videotapes.

16. Denies the allegations in paragraph 16 of the Complaint, except admits that on April 11, 2014, the Department of Justice received a FOIA request from Charlie Savage of the New York Times (the "Report Request"), and respectfully refers the Court to that document for a full and accurate statement of its contents.

17. Denies the allegations in paragraph 17 of the Complaint, except admits that on April 17, 2014, the Department of Justice's Office of Information Policy ("OIP") sent a letter to Charlie Savage acknowledging receipt of the Report Request, and providing a response on behalf of the Offices of the Attorney General and the Deputy Attorney General to Mr. Savage's request for expedited processing. Defendant respectfully refers the Court to the April 17, 2014, letter for a full and accurate statement of its contents.

18. Paragraph 18 constitutes a legal conclusion, to which no response is required. To the extent a response is required, denies the allegations in paragraph 18 of the Complaint.

19. Admits that DOJ has neither produced records in response to the Report Request nor denied the April 11, 2014, FOIA request.

20. Denies the allegations in paragraph 20 of the Complaint, except admits that on April 11, 2014, OIP received a second FOIA request from Charles Savage of the New York Times (the "FBI 302 Request"), to which the Court is referred for a full and accurate statement of its contents, and further avers that OIP notified Mr. Savage by email on April 17, 2014, that the FBI 302 Request would be processed by the FBI, as OIP did not maintain FBI 302s.  Defendant respectfully refers the Court to the April 17, 2014, email for a full and accurate statement of its contents.

21. Denies the allegations in paragraph 21 of the Complaint, except admits that on April 11, 2014, the FBI 302 Request was submitted to the FBI.

22. Denies the allegations in paragraph 22 of the Complaint, except admits and avers that on April 21, 2014, the FBI sent a letter to Charlie Savage acknowledging receipt of the FBI 302 Request, and respectfully refers the Court to the April 21, 2014, letter for a full and accurate statement of its contents.  Further admits and avers that, by letter dated April 22, 2014, the FBI denied Mr. Savage's request for expedited processing of the FBI 302 Request, and respectfully refers the Court to the April 22, 2014, letter for a full and accurate statement of its contents.

23. Denies the allegations in paragraph 23 of the Complaint, except admits and avers that, on April 30, 2014, Mr. Savage and the New York Times submitted to OIP an administrative appeal of the FBI's denial of Mr. Savage's request for expedited processing of the FBI 302 Request.  Defendant respectfully refers the Court to the April 30, 2014, appeal letter for a full and accurate statement of its contents.  Further admits and avers that, on May 15, 2014, OIP sent a letter to David McCraw, Esq., of the New York Times, advising that OIP had considered

the appeal, determined that the FBI 302 request should be granted expedition, and remanded the FBI 302 FOIA request to the FBI.  Defendant respectfully refers the Court to the May 15, 2014, letter for a full and accurate statement of its contents.  Further admits and avers that, on May 29, 2014, the FBI sent Mr. Savage a letter approving his request for expedition of the FBI 302 request.  Defendant respectfully refers the Court to the May 29, 2014, letter for a full and accurate statement of its contents.

24.  Paragraph 24 constitutes a legal conclusion, to which no response is required.  To the extent a response is required, denies the allegations in paragraph 24 of the Complaint.

25.  Admits that DOJ and FBI have neither produced records in response to the FBI 302 Request nor denied the FBI 302 Request.

26.  Defendant incorporates and realleges the responses contained in paragraphs 1-25 of this Answer.

27.  Paragraph 27 constitutes a legal conclusion, to which no response is required.  To the extent a response is required, denies the allegations in paragraph 27 of the Complaint, except admits that DOJ is an agency subject to FOIA.

28.  Paragraph 28 constitutes a legal conclusion, to which no response is required.  To the extent a response is required, denies the allegations in paragraph 28 of the Complaint.

29.  Paragraph 29 of the Complaint constitutes a legal conclusion, to which no response is required.  To the extent a response is required, admits the allegations in paragraph 29 of the Complaint.

30.  Paragraph 30 of the Complaint constitutes a legal conclusion, to which no response is required.  To the extent a response is required, admits the allegations in paragraph 30 of the Complaint.

31. Denies the allegations in paragraph 31 of the Complaint.

32. Denies the allegations in paragraph 32 of the Complaint.

33. Denies the allegations in paragraph 33 of the Complaint.

34. Defendant incorporates and realleges the responses contained in paragraphs 1-33 of this Answer.

35. Paragraph 35 constitutes a legal conclusion, to which no response is required. To the extent a response is required, denies the allegations in paragraph 35 of the Complaint, except admits that DOJ is an agency subject to FOIA.

36. Paragraph 36 constitutes a legal conclusion, to which no response is required. To the extent a response is required, denies the allegations in paragraph 36 of the Complaint.

37. Paragraph 37 constitutes a legal conclusion, to which no response is required. To the extent a response is required, admits the allegations in paragraph 37 of the Complaint.

38. Paragraph 38 constitutes a legal conclusion, to which no response is required. To the extent a response is required, admits the allegations in paragraph 38 of the Complaint.

39. Denies the allegations in paragraph 39 of the Complaint.

40. Denies the allegations in paragraph 40 of the Complaint.

41. Denies the allegations in paragraph 41 of the Complaint.

The remainder of the Complaint constitutes Plaintiffs' prayer for relief, as to which no response is required. To the extent a response is required, denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

**DEFENSES**

**FIRST DEFENSE**

Defendant has exercised due diligence in processing Plaintiffs' FOIA requests and exceptional circumstances exist that necessitate additional time for Defendant to complete its processing of the FOIA requests.

**SECOND DEFENSE**

Some or all of the requested documents are exempt from disclosure.  *See* 5 U.S.C. § 552(b).

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

Dated:   New York, New York
         June 30, 2014

>                          Respectfully submitted,
>
>                          PREET BHARARA
>                          United States Attorney for the
>                          Southern District of New York
>
> By:   */s/ Jeannette Vargas*
>       JEANNETTE A. VARGAS
>       TARA M. La MORTE
>       Assistant United States Attorneys
>       86 Chambers Street, Third Floor
>       New York, New York 10007
>       Telephone: (212) 637-2678/2746
>       Facsimile:  (212) 637-2702
>       Jeannette.vargas@usdoj.gov
>       tara.lamorte2@usdoj.gov